IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OLD DOMINION FREIGHT LINE, INC., <br><br> Plaintiff, <br> v. <br><br> INFUZE, LLC., a Utah limited liability company, DANIEL K. NOALL, an individual, and JOHN DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:22-cv-00064-TC <br><br> District Judge Tena Campbell |

Before the court is Plaintiff Old Dominion Freight Line, Inc.'s motion for entry of default judgment against Defendants Infuze, LLC and Daniel K. Noall. (ECF No. 20.) The Clerk of Court previously issued default certificates against both Defendants. (ECF Nos. 9 & 10.) Neither Defendant has responded to the motion. Having reviewed the motion and having assessed both the merits of Old Dominion's complaint and the court's jurisdiction, the court GRANTS IN PART Old Dominion's motion and enters default judgment against Infuze.

### **FACTS**[1]

Old Dominion is a motor carrier and freight broker. Infuze is a Utah business that imports items from overseas, and Mr. Noall is one of Infuze's members. In December 2021 and January 2022, Old Dominion and Infuze entered into two contracts of carriage for air freight and overland motor carrier services. Each contract, comprised of a bill of lading and accompanying tariff terms and conditions, showed the various charges, fees, and duties on an invoice. If Infuze failed to pay

---

[1] All facts come from Old Dominion's complaint (ECF No. 2). Once the Defendants are in default—which they are—the court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." Archer v. Eiland, 64 F. App'x 676, 679 (10th Cir. 2003).

within forty-two days, a 35% liquidated-damages assessment would apply. The total bill for December was $22,858.45, and the total for January was $29,818.94. Old Dominion completed the orders, but Infuze never paid, leading to this lawsuit.

## ANALYSIS

In deciding Old Dominion's motion, the court must first confirm that it has subject-matter jurisdiction over the claims and personal jurisdiction over the Defendants. Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997). This is because "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

### I. Jurisdiction

To begin, the court has subject-matter jurisdiction here. Old Dominion invokes 49 U.S.C. § 14705(a), which gives district courts subject-matter jurisdiction over civil suits brought by common carriers "to recover charges for transportation or service provided by the carrier." This is such a suit. Next, the court also has personal jurisdiction over both Defendants. The court can exercise general personal jurisdiction over any person domiciled in Utah and any corporation either incorporated in Utah or whose principal place of business is in Utah. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). As stated above, Infuze is a Utah LLC with its principal place of business in Utah,[2] and Mr. Noall is a Utah citizen. The court thus has general personal jurisdiction over both Defendants.

Old Dominion also submitted proof of service for both Defendants. Specifically, the process server certified that on May 20, 2022, she served a copy of the summons and complaint on

---

[2] Limited liability companies are subject to the same personal-jurisdiction analysis as corporations. See generally Dental Dynamics, LLC v. Jolly Dental Grp., LLC, 946 F.3d 1223 (10th Cir. 2020).

Ben Johnson, a co-owner of Infuze.[3]  (ECF No. 5.)  The same process server certified that on June 16, 2022, she served a copy of the summons and complaint on Mr. Noall at his business address. (ECF No. 6.)  Both events fall within the ninety-day window prescribed by Federal Rule of Civil Procedure 4(m).

## II.     Entry of Default

Old Dominion also properly obtained certificates of default from the Clerk of Court.  After Infuze and Mr. Noall were served with process, their responsive pleadings were due on June 10, 2022, and July 7, 2022, respectively.  (See ECF Nos. 5 & 6.)  Neither Defendant filed an answer or motion to dismiss by those deadlines.  On July 22, 2022, Old Dominion moved for entry of default against both Defendants, (ECF No. 7), and shortly after, the Clerk of Court entered their default.  (ECF Nos. 9 & 10.)

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Because Infuze and Mr. Noall failed to plead or otherwise defend against Old Dominion's lawsuit, and that failure was shown by Old Dominion's motion, the Clerk properly entered the Defendants' default.

## III.    Entry of Default Judgment

With jurisdiction established and the propriety of the entries of default confirmed, the court turns to consider whether to enter default judgment here.  "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  Cablevision of S. Conn., L.P. v. Smith, 141 F. Supp. 2d 277, 281 (D. Conn. 2001) (quoting Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999)).

---

[3] Rule 4(h)(1)(B) permits service of process on an unincorporated association's officer, like Mr. Johnson.

The court has broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987). Once a defendant is found to be in default, the court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." Archer v. Eiland, 64 F. App'x 676, 679 (10th Cir. 2003); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

### A. Liability

Taking the allegations in the complaint as true, Old Dominion's complaint provides a "sufficient basis in the pleadings" for default judgment to be entered on its first cause of action, recovery of freight charges under 49 U.S.C. § 14705. Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010). Although Old Dominion bases its first claim on § 14705, it has pleaded the elements of breach of contract.[4] In Utah, there are four elements to a breach of contract: (1) the existence of a valid and enforceable contract, (2) the plaintiff having performed its contractual obligations, (3) the defendant having breached the contract, and (4) the plaintiff having suffered damages. See Bair v. Axiom Design LLC, 2001 UT 20, ¶ 14, 20 P.3d 388, 392. Old Dominion's complaint satisfies these elements. First, Old Dominion alleges that Infuze, by Mr. Noall, contracted with Old Dominion for air freight and overland motor carrier services, and is therefore bound by the contract's terms. (Compl. ¶¶ 8–10, ECF No. 2.) Second, Old Dominion alleges that it performed the transportation services, fulfilling its side of the bargain. (Id. ¶¶ 15.) Third, Old Dominion alleges that Infuze never paid for the transportation services after receiving the two invoices, which is a breach of Infuze's obligations under the contract. (Id. ¶ 16.) Finally, Old Dominion alleges

---

[4] In its complaint, Old Dominion calls Infuze's failure to pay the invoices a "breach" of the contract. (Compl. ¶¶ 14–19, ECF No. 2.)

4

that it has suffered damages because of Infuze's failure to pay and that the contract provides for liquidated damages. (Id. ¶ 18–19.) The court finds that Infuze is liable under the contract.[5]

Old Dominion styles the alter-ego claim against Mr. Noall as a separate cause of action, but an alter-ego claim is a theory of liability, not an independent claim for relief. Jones & Trevor Mktg, Inc. v. Lowry, 2012 UT 39, 284 P.3d 630, 634 (2012). Nevertheless, Old Dominion's complaint does not provide a "sufficient basis in the pleadings" for default judgment against Mr. Noall on the alter-ego claim. Bixler, 596 F.3d at 762. Though failing to answer a complaint means that all allegations are deemed admitted under Rule 8(b)(6), courts consider only the well-pleaded allegations when assessing liability on a motion for default judgment. See, e.g., CrossFit, Inc. v. Jenkins, 69 F. Supp. 3d 1088, 1096–97 (D. Colo. 2014) (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)); Villanueva v. Acct. Discovery Sys., LLC, 77 F. Supp. 3d 1058, 1072 (D. Colo. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. Old Dominion recites the "threadbare" elements of alter-ego liability yet fails to support the claim with the "well-pleaded factual allegations" needed to survive a motion to dismiss. Id. at 678–79.

For example, Old Dominion asserts that "Infuze has never or does not now have a genuine or separate existence from Noall . . . but has been used for the purpose of permitting Noall . . . to transact business under a separate guise." (Compl. ¶ 29, ECF No. 2.) It also alleges, in conclusory

---

[5] Old Dominion's second cause of action is for quantum meruit, which is an equitable, quasi-contractual claim. See, e.g., Soundvision Techs., LLC v. Templeton Grp. Ltd., 929 F. Supp. 2d 1174, 1189 (D. Utah 2013). Because the court finds Infuze liable under the parties' contract, there can be no separate recovery under quantum meruit. See Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc., 930 P.2d 1182, 1193 (Utah 1996), abrogated on other grounds by Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC, 2009 UT 65, 221 P.3d 234.

5

fashion, that Infuze and Mr. Noall commingled assets and failed to adhere to corporate formalities. (Id. ¶¶ 30–32.) Beyond these "naked assertion[s]," Old Dominion offers no "further factual enhancement" to make the alter-ego claim plausible. Iqbal, 556 U.S. at 678. After all, "[c]orporate veils exist for a reason and should be pierced only reluctantly and cautiously. The law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities." Cyprus Amax Mins. Co. v. TCI Pac. Commc'ns, LLC, 28 F.4th 996, 1007 (10th Cir. 2022) (quoting Cascade Energy & Metals Corp. v. Banks, 896 F.2d 1557, 1576 (10th Cir. 1990)).

Because Old Dominion's claim against Mr. Noall is legally insufficient to render default judgment against him, the court will allow Old Dominion two weeks to amend its complaint to provide further factual support for Mr. Noall's alter-ego liability. In doing so, counsel are reminded of their obligation to present only factual contentions that have (or will likely have) "evidentiary support." Fed. R. Civ. P. 11(b)(3). For now, this part of Old Dominion's motion is DENIED WITHOUT PREJUDICE.

### B. Damages

The court cannot blindly approve Old Dominion's requested damages against Infuze. Instead, the final step of the default judgment analysis is determining the amount for which Infuze is liable. "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (citing Venable v. Haislip, 721 F.2d 297, 300 (10th Cir. 1983)). Otherwise, Rule 55(b)(2) permits a hearing if the court needs to "conduct an accounting" or "determine the amount of damages."

Old Dominion seeks a total of $75,109.62 in damages. It provides the following cost breakdown: $22,858.45 for the December invoice, $8,000.46 in liquidated damages under the December

invoice, $29,818.94 for the January invoice, $10,436.63 in liquidated damages under the January invoice, $542.00 in costs, and $3,453.14[6] in prejudgment interest. The court finds that the damages in this case are capable of mathematical calculation and will assess each category in turn.

1. Compensatory and Liquidated Damages

Old Dominion's requests for $52,677.39 in compensatory damages related to the unpaid December and January invoices and $18,437.09 in liquidated damages are ascertainable based on the complaint and the submissions in support of its motion.

Old Dominion attached to its complaint copies of the original bills of lading and accompanying tariff terms and conditions, along with Mr. Noall's emails authorizing the transportation services on behalf of Infuze. These papers conclusively establish that (1) Infuze agreed to pay Old Dominion to transport its items, (2) Old Dominion performed the agreed-upon services, and (3) Infuze did not pay for the services within forty-two days. Because Infuze is liable to pay the December and January invoices, the court awards Old Dominion $52,677.39 in compensatory damages and $18,437.09 in liquidated damages, as provided in the contracts.

2. Costs

Old Dominion's request for $542.00 in costs is equally ascertainable here. "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Old Dominion's attorney, Stephen M. Bigham, accompanied the motion for default judgment with a declaration of costs. (ECF No. 13.) The $542.00 includes the $402.00 fee to file the complaint and the two $70.00 service fees to serve process on the Defendants. These costs are reasonable and will be awarded

---

[6] The $3,453.14 figure ($1,589.45 for the December invoice plus $1,863.69 for the January invoice) was calculated as of July 26, 2022. Prejudgment interest will continue to accrue until the day the court enters judgment against Infuze.

to Old Dominion. See Evans v. Tenn. Dep't of Corr., 514 F.2d 283, 284 (6th Cir. 1975) (allowing recovery of these costs).

       3. Prejudgment Interest

Old Dominion also argues that it is entitled to prejudgment interest in the amount of 10% per annum, the rate provided by Utah law. Utah Code Ann. § 15-1-1(2). But because Old Dominion's cause of action is federal, a "a federal rate of interest" applies. Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc., 295 F.3d 1065, 1077 (10th Cir. 2002). Prejudgment interest is designed to "compensate the wronged party for being deprived of the monetary value of [its] loss from the time of the loss to the payment of judgment." Id. (quoting Anixter v. Home-Stake Prod. Co., 977 F.2d 1549, 1554 (10th Cir. 1992)). The court is therefore "free to choose any interest rate which would 'fairly compensate the plaintiff for the delay in the receipt of payment.'" Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 764 (10th Cir. 1997) (quoting U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc., 834 F.2d 1533, 1545 (10th Cir. 1987)).

The court chooses to apply Utah's prejudgment interest rate of 10% per annum. Old Dominion is entitled to 10% prejudgment interest on each invoice. For the December invoice, prejudgment interest is $1,673.99; for the January invoice, $1,974.18.[7]

Accordingly,

**IT IS ORDERED** that Old Dominion's motion for entry of default judgment is GRANTED IN PART and DENIED IN PART. The court enters default judgment against Infuze, but not against Mr. Noall. On Old Dominion's first cause of action, recovery of freight charges

---

[7] The court used https://www.calculatorsoup.com/calculators/financial/simple-interest-plus-principal-calculator.php to calculate these figures. For December, the principal sum is $30,858.91, the annual rate is 10%, and it has been 198 days from January 19 to August 5, 2022. For January, the principal sum is $40,255.57, the annual rate is 10%, and it has been 179 days from February 7 to August 5, 2022.

under 49 U.S.C. § 14705, Infuze is liable for $75,266.59: $52,677.39 in compensatory damages, $18,437.09 in liquidated damages, $3,648.17 in prejudgment interest, and $542.00 in costs.

**IT IS FURTHER ORDERED** that there being no just reason for delay, the court directs final judgment to be entered against Infuze under Federal Rule of Civil Procedure 54(b).

**IT IS FINALLY ORDERED** that within fourteen days, Old Dominion may file an amended complaint that contains further factual enhancement on its alter-ego claim against Mr. Noall, mindful of the need to operate within Rule 11's limits.

DATED this 5th day of August, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge